IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RUBBER RIOS GUERRA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-1456-RP |
| | § | |
| CHARLOTTE COLLINS, *Warden,* | § | |
| *T. Don Hutto Detention Center*, et al., | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Before the Court is Petitioner Rubber Rios Guerra's ("Petitioner") Petition for Writ of

Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1) and the Response filed by Respondents, (Dkt. 6).[1]

In his Petition, filed by counsel, Petitioner alleges that he is being detained pursuant to 8 U.S.C.

§ 1225(b)(2). (Pet., Dkt. 1, at 2). He further asserts that "Section 1226(c) does not apply because

Petitioner has never been convicted of a crime" and that "[n]o party contends that Section 1226(c)

applies to the case at hand." (*Id.* at 9).

According to Respondents, however, Petitioner is being held under 8 U.S.C. § 1226(c) based

on his conviction—by this Court—for an aggravated felony.[2] (Resp., Dkt. 6, at 2). Respondents

attach to their Response the Judgment entered by this Court finding Petitioner guilty of two counts

of "Transportation for Illegal Sexual Activity; Aiding and Abetting" under 18 U.S.C. §§ 2241, 2242.

(Judgment, Dkt. 6-2, at 1). 18 U.S.C. § 2241 is titled "Aggravated sexual abuse." Respondents

---

[1] The Federal Respondents are Markwayne Mullin, Secretary of U.S. Department of Homeland Security; Miguel Vergara, Director of San Antonio Field Office, U.S. Immigration and Customs Enforcement; Todd Blanche, Acting Attorney General; and Sirce F. Owen. Acting Director of the Executive Office for Immigration Review. The Response is solely filed on behalf of the federal employees in this action. (Resp., Dkt. 6, at 1 n.1).

[2] Under § 1226(c), the Attorney General "**shall** take into custody any alien who . . . is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1)(B) (emphasis added). Section 1227(a)(2)(A)(iii) in turn provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." *Id.* § 1227(a)(2)(A)(iii).

therefore claim that Petitioner's detention is mandated by statute and that his detention is constitutional. (Resp., Dkt. 6, at 2–3).

Given that Petitioner's allegations do not align with Respondents' assertions and supporting documentation, the Court will deny Petitioner's Petition for Writ of Habeas Corpus without prejudice and order Petitioner to file an amended petition. The amended petition must address Respondents' asserted detention authority under § 1226(c) or explain why such authority does not apply to him. As an alternative to filing an amended petition, Petitioner also has the option to file a voluntary dismissal of this habeas action.

Accordingly, **IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner must file an amended petition for writ of habeas corpus or a voluntary dismissal of this habeas action on or before **June 26, 2026**.

**SIGNED** on June 12, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

2